MICHAEL W. OSBORNE, APPELLANT, V. JOHN FITZGER-
ALD, APPELLEE.

[FILED MAY 16, 1889.]

1. **Partnership:** EVIDENCE.  In an action by A against B upon
an alleged contract of partnership for an accounting, *held*, that
the weight of testimony failed to establish the partnership.

APPEAL from the district court of Lancaster county.
Heard below before FIELD, J.

*Harwood, Ames & Kelly,* for appellant.

*Marquett, Deweese & Hall,* for appellee.

MAXWELL, J.

The plaintiff brought an action against the defendant in
the district court of Lancaster county for an accounting as
partner in certain grading contracts.    On the trial the court
found the issues in favor of the defendant and dismissed
the action.    The questions presented to the court are solely
questions of fact.

The plaintiff states his cause of action as follows:

" That during the years A. D. 1883 and 1884, the defend-
ant, John Fitzgerald, entered into a contract or contracts,
the particular dates and the descriptions and the specific
terms of which this plaintiff is ignorant of, and therefore
cannot state, with the Chicago, Burlington & Quincy Rail-
road Company, a railroad corporation doing business in this
state, for the construction of a line of railroad in this state,
known as the Nebraska & Colorado railroad, from the town
or station of Kenesaw to the town or station of Oxford, in
this state, and that on or about the first day of August,
1883, said defendant and this plaintiff entered into a parol
contract of partnership for the construction of said railroad,

or so much thereof as said parties should consent to construct, pursuant to said contract or contracts with said first-named road, by the terms of which it was agreed that this plaintiff should sustain one-fourth of the losses and enjoy one-fourth of the profits, and that the defendant should sustain three-fourths of the losses and enjoy three-fourths of the profits of such construction; and that said defendant should furnish the necessary moneys and capital for the carrying out of said contract, and that this plaintiff should devote his time, labor, skill, and experience, to the securing and employment of laborers and material therefor, so far as necessary, and to the superintendence and control of said work during the process of such construction. And this plaintiff further says, thereupon the plaintiff and defendant did, as such co-partnership, enter upon the construction of said railroad, and during said years 1883 and 1884, fully performed the same by the construction of said railroad between the places above named. And the plaintiff avers that by the means aforesaid, the said co-partnership earned and acquired a large sum in profits, the exact amount of which the plaintiff cannot state, but which exceeded the sum of one hundred thousand dollars, which has been allowed and paid by said Chicago, Burlington & Quincy Railroad Company to said defendant, but that said defendant refuses and neglects to account for the same to this plaintiff, or to pay the same or a part thereof over to this plaintiff, although upon just and fair accounting, there is and would be found due to this plaintiff, a large sum of money from the defendant by reason of the premises, exceeding as plaintiff is informed and verily believes, the sum of twenty-five thousand dollars."

The answer is a general denial.

The plaintiff testifies in substance that he was to have an interest in the contract, but the amount of the interest was not agreed upon; that about the time of the completion of the work to Minden, he spoke to the defendant about the

amount of interest he was to have, and that the defendant informed him that he would have a fourth. The defendant denies absolutely any contract of partnership, or that he ever agreed to permit the plaintiff to share as a partner, or promised him a fourth interest in the contract, or any other interest. He also testifies that he employed the plaintiff on the work to superintend the same at a salary of $150 per month. If the plaintiff was a partner with the defendant, as he contends, it is somewhat remarkable that the terms of co-partnership were not spoken of nor agreed upon in advance. This, the plaintiff's own testimony shows was not done, nor any attempt made to agree upon terms, until a considerable portion of the work had been completed; and the proof of the alleged contract rests upon the plaintiff's own unsupported testimony. It is claimed on behalf of the plaintiff that his testimony is corroborated by certain directions of the defendant to station agents to recognize only the receipt of the plaintiff in delivering freight, etc. But this proof is not inconsistent with the defendant's testimony, that the plaintiff had charge of the work for him, and was authorized to receive property shipped to the defendant.

Upon the whole testimony it is apparent that the weight of testimony fails to establish a contract of co-partnership.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.